Ingalls, J.
J.—The plaintiff was entitled to tax for the attendance of witnesses residing in the city of Troy,. where the circuit was held, only for the days the cause was upon the day calendar (Curtis v. Dutton, 4 Sandf. 719 ; Ehle v. Bingham, 4 Hill, 595 ; 3 Wait's Pr. 503). One purpose of a day calendar is to avoid the necessity of compelling the attendance of witnesses an unnecessary number of days, and thereby subjecting the defeated party to. unnecessary expense, and also to save witnesses the inconvenience and loss consequent thereupon, as the fees allowed witnesses for such attendance are ordinarily inadequate to compensate for loss of time and derangement of their business. The day calendar is made up and published in the daily papers of the Qity previous to the day the causes thereon are required to be tried, which ordinarily affords parties who reside in the city sufficient opportunity to subpoena witnesses who reside in such city, to attend the trial. Doubtless ■there may arise exceptions to this rule, where, for instance, a witness should declare his intention to depart from the city and to be absent during the circuit, a party would be justified in subpoenaing and requiring the attendance of such witness from day to day, and should be allowed for such a disbursement. But in all such cases the party claiming such a disbursement, should by affidavit explain the circumstances which rendered it proper and necessary. By section 311 of *470 the Code, the prevailing party is only allowed to tax necessary disbursements against the defeated party. Presumptively, the attendance of witnesses, who reside in the place where the court is held, and where there is a day calendar published, is unnecessary except upon the days the cause appears upon the day calendar. As the papers submitted furnish no explanation, showing the necessity for so large an expenditure for attendance of witnesses, the same must be regarded unnecessary and excessive. The expense of litigation should not be rendered unnecessarily oppressive, as the policy of the law does not favor it. The costs must be readjusted in accordance with the foregoing views..